HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRIAM ZAYAS,

        Plaintiff,

    v.

WARREN BUFFET,

        Defendant.

CASE No. C22-1428-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's motion for court appointed counsel. Dkt. # 6. For the reasons that follow, the Court **DISMISSES** Plaintiff's complaint and **DENIES** Plaintiff's motion for appointed counsel as moot.

On October 12, 2022, Plaintiff filed this action against Defendant Warren Buffet. Dkt. #5. Plaintiff's claims and request for relief are difficult to decipher, but she appears to allege that she is experiencing heart failure and has suffered due to the wildfires currently present in western Washington. *Id.* at 4. Plaintiff asserts that the wildfires are due to climate change caused by nuclear and coal-burning power plants owned by Defendant. *Id.* Plaintiff seeks to have Defendant close any power plants that he owns and pay for sprinklers to be installed in Washington forests. *Id.* Plaintiff also submitted an

ORDER- 1

|   |   |
|---|---|
| 1 | Taking all allegations in the light most favorable to the Plaintiff, the Court finds |
| 2 | that the Complaint fails to state a claim upon which relief can be granted. In her |
| 3 | complaint, Plaintiff alleges that she has been "suffering immensely" due to climate |
| 4 | change and attributes climate change and ongoing wildfires to Defendant, who "wants to |
| 5 | keep burning fossil fuel." Dkt. #5 at 4. Plaintiff cites to the "Intergovernmental Panel on |
| 6 | Climate Change," which Plaintiff states has found that fossil fuels are the "dominant |
| 7 | cause of global warming." *Id.* While the complaint does not make clear how climate |
| 8 | change and the Washington wildfires are specifically connected to any alleged actions by |
| 9 | Defendant, Plaintiff goes on to claim that "if Defendant does not own all the power |
| 10 | plants, [Plaintiff] has already filed a claim against the United States, who [Plaintiff] |
| 11 | assumes owns the rest." *Id.* |
| 12 | Although *pro se* litigants are given more leeway than licensed attorneys when |
| 13 | assessing their pleadings, they must still adhere to the Federal Rules of Civil Procedure. |
| 14 | *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Plaintiff simply does not |
| 15 | state a plausible claim for which any type of relief could be granted by this Court, and |
| 16 | there is no reasonable basis for concluding that the deficiencies in the proposed complaint |
| 17 | could be cured by amendment. Therefore, the Court dismisses the complaint for failure |
| 18 | to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). |
| 19 | Given that the Court will dismiss Plaintiff's complaint without leave to amend, Plaintiff's |
| 20 | application for appointed counsel is rendered moot. |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** with prejudice. Dkt. #5. Further, Plaintiff's application for appointed counsel is **DENIED** as moot. Dkt. #6.

DATED this 17th day of October, 2022.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 4